Stewart, J.,
 

 dissenting. Although I concur in paragraphs one and two of the syllabus, I dissent from paragraphs three and four and from the judgment. As stated in the majority opinion, the pronoun, “I,” in the promissory note which is signed by several parties as makers not only constitutes a joint and several obligation under the statute (Section 8122, General Code), but was so construed prior to the statute.
 
 Wallace
 
 v.
 
 Jewell,
 
 21 Ohio St., 163, 8 Am. Rep., 48. If the note is read without any words placed in the blank, it reads: “I promise to pay * * * and hereby authorize any attorney at law,” etc.
 

 The logical reasoning is that since the obligation started with the singular personal pronoun, that is the one upon which the obligation should be based, and, if that is true, then both the obligation and the warrant of attorney are joint and several. As a result, the judgment on the note would be good as against those parties who were not under any disability at the time of the execution of the note and who were alive at the time judgment was entered.
 

 While I am in thorough accord with the legal principle that a warrant of attorney to confess judgment must be strictly construed, I do not believe that a strict construction contemplates a strained one. The words, “strict” and “strained,” are not synonyms.